[Cite as *State v. Weeden*, 2011-Ohio-2277.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95288

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARLON J. WEEDEN

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-536368

**BEFORE:** Keough, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** May 12, 2011

**ATTORNEY FOR APPELLANT**

Edward M. Graham
13363 Madison Avenue
Lakewood, OH 44107

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Angela Thomas
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Marlon J. Weeden, pleaded guilty to theft of an automobile in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. During the plea colloquy, the trial court advised him that the possible penalty for the offense to which he was pleading guilty was six to 18 months incarceration and a fine of up to $5,000. The court advised him further that "if at the time of sentencing the court would impose a prison term, then the parole board on your release from prison may at their discretion place you on postrelease control for up to three years. And if you violate any of the

restrictions placed upon you by the parole board, they can add additional restrictions or impose additional prison time for up to nine months for one violation but a maximum of one-half of the original prison term for all violations." The trial court subsequently sentenced Weeden to 12 months incarceration.

{¶ 2} Under Crim.R. 11(C)(2), a court shall not accept a guilty plea in a felony case without first determining that the defendant understands the nature of the charges against him and the penalty involved. Weeden contends that because the trial court told him that postrelease control would be discretionary with the parole board, rather than mandatory, he did not understand the nature of the charge against him and the maximum penalty involved and, accordingly, his plea was not knowingly or intelligently made and should be vacated. We find no merit to Weeden's argument.

{¶ 3} R.C. 2967.28, governing postrelease control, provides in subsection (B) that first degree felonies and felony sex offenses are subject to a mandatory period of five years postrelease control, and second and third degree felony offenses that are not felony sex offenses are subject to a mandatory period of three years postrelease control. Under R.C. 2967.28(C), "[a]ny sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to *a period of postrelease control of*

*up to three years* after the offender's release from imprisonment, *if the parole board*, in accordance with division (D) of this section, *determines that a period of postrelease control is necessary for that offender*." (Emphasis added.) Thus, under the statute, the imposition of postrelease control for a fourth degree felony is discretionary with the parole board.

{¶ 4} Weeden pleaded guilty to theft of a motor vehicle in violation of R.C. 2913.02, a fourth degree felony. Hence, the trial court's advisement that "the parole board on your release from prison may at their discretion place you on postrelease control for up to three years" was correct. Upon questioning by the judge, Weeden stated that he understood the charge and the possible penalties for the offense to which he was pleading guilty. We find, therefore, that Weeden's plea was made knowingly, voluntarily, and intelligently with an understanding of the nature of the charges and of the maximum penalty involved, as required by Crim.R. 11(C).

{¶ 5} Appellant's assignment of error is overruled.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR